UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOE ALLAN BOUNDS                      CIVIL ACTION NO. 06-0233-P

versus                                JUDGE JAMES

UNITED STATES DISTRICT                MAGISTRATE JUDGE HORNSBY
COURT, ET AL.

## REPORT AND RECOMMENDATION

### Introduction

Joe Allan Bounds ("Plaintiff") commenced this somewhat confusing civil action.  He names as defendants Assistant United States Attorneys who prosecuted him and obtained a drug conviction for which he is now incarcerated.  He also names the Court as a defendant as well as the United States, the Department of Justice and the United States Attorney's Office.  The focal point of Plaintiff's action is the allegation that his conviction was unlawfully obtained in violation of Brady and similar legal guarantees. A summary of the procedural history of this case and Plaintiff's allegations are set forth below.  It is recommended, for the reasons that follow, that this civil action be dismissed.

### Plaintiff's Submissions

This proceeding began by mistake when Plaintiff mailed to the street address of this courthouse a Standard Form 95 that is designed to present an administrative claim pursuant to the Federal Tort Claims Act ("FTCA").  The cover letter and the Standard Form 95 were addressed to the Administrative Office, United States District Court, Western District of

Louisiana, with a note for attention by the Tort Claims Section.  Plaintiff asked that his administrative claim, together with an attached supporting complaint, be filed "with your agency against the United States District Court for the Western District of Louisiana, and its Officers." (emphasis in original).

Plaintiff, in completing the Standard Form 95's request for the basis of his claim and other essential information, often referred to the attached complaint, which appeared to be a draft of a judicial complaint that Plaintiff intended to file after he exhausted his administrative remedies. The draft complaint was styled "Federal Tort Claims Complaint." Plaintiff pleaded claims pursuant to the FTCA, but he also invoked other laws such as RICO.[1]   All of Plaintiff's claims, no matter the legal theory, focused on the contention that the legal proceedings related to his conviction and sentence were unlawful because prosecutors violated Brady, misrepresented facts to the court, breached agreements or the like. Plaintiff alleged that the Court acted in conjunction with the prosecutors by covering up or concealing their wrongdoing, refusing to apply the appropriate law to Plaintiff's case, and the like. The draft complaint included a prayer for damages against the Court and the prosecutors.

The Standard Form 95 administrative claim (with draft judicial complaint attached) was delivered to the office of the clerk of court which, not accustomed to receiving administrative claims, saw the attached draft complaint and filed it as a new civil action.  Thus, this civil action was commenced. Plaintiff was directed to pay a filing fee or complete an application to

---

[1]  Plaintiff filed a similar complaint as 06 CV 234, but he apparently omitted from that complaint any FTCA claims and urged other legal theories. The complaint in that action was stricken on May 26, 2006 for failure to pay a filing fee or submit an IFP application.

proceed *in forma pauperis*.  Plaintiff completed and filed an IFP application.  It was granted, and the court ordered that monthly payments be made from Plaintiff' inmate account.

Plaintiff wrote the court on June 19, 2006 to clarify that he desired his Standard Form 95 and attached draft complaint be filed administratively and not as a civil action.  His letter is filed at Doc. 9, page 4. Plaintiff was correct that an FTCA claim may not be filed with the court until administrative remedies have been pursued.  Because Plaintiff had clarified that his submission was not intended to commence a civil action but was instead a mere submission of an administrative claim, the undersigned directed the clerk of court to close this civil action and return to Plaintiff any portion of the filing fee that may have been paid. The undersigned also forwarded the Standard Form 95 to the proper place to file a claim against a court employee, the Office of the General Counsel, Administrative Office of the United States Courts.

Several weeks later, Plaintiff filed a Motion to Vacate Memorandum Order (Doc. 10) that urged that the undersigned had exceeded the authority of a magistrate judge by effectively dismissing claims for declaratory and injunctive relief that Plaintiff had sought in an amended complaint. Plaintiff explained that, because the clerk had mistakenly treated his submission as a civil action, he had also done so and, accordingly, filed an Amended Complaint (Doc. 5) to assert claims for injunctive and declaratory relief associated with his allegations that his rights under the Fifth and Sixth Amendments and other constitutional guarantees were violated. The motion to vacate remains pending.

Plaintiff later filed a Supplemental Civil Complaint (Doc. 13) and, under the heading "Amended Parties," he listed the United States, the Department of Justice and the United

States Attorney's Office.  He also alleged that he had submitted an administrative claim under the FTCA to the U. S. Attorney's Office and that no action had been taken within 180 days.  And, as this Report and Recommendation was being drafted, Plaintiff filed a 31-page "Amended Bivens, Civil Tort, and RICO Complaint." The pleading invokes different legal theories, but it is largely repetitive of the prior pleadings.  Plaintiff demands that his submissions be treated as a civil action, and they shall be.

**FTCA Claims**

It is not clear from Plaintiff's Supplemental Civil Complaint whether the defendants named therein are in addition to the originally named defendants or in place of them.  The original complaint also named as defendants Assistant United States Attorneys Liddell Smith, Joseph Jarzabek, Cristina Walker and Sonia Cassidy.  In any event, the only proper defendant to an FTCA claim is the United States.  "To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant." McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998).  "[T]he United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit." Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988).

Plaintiff's pleadings acknowledge the FTCA pre-suit exhaustion requirement. Plaintiff alleges that he satisfied his pre-suit administrative exhaustion requirement with respect to the prosecutor-related claims because he submitted an administrative claim to the United States Attorney's Office and did not receive a final disposition within six months after it was filed.

That, if true, may provide Plaintiff the option to thereafter deem that he has received a final decision of the claim.  28 U.S.C. § 2675(a).  With respect to the claims based on the alleged actions of the Court, however, the record shows that the administrative claim was not filed or exhausted *before* the suit was filed.  Even if the waiting period has since passed, the FTCA action is still improper.  "An action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed." Price v. U. S., 69 F.3d 46, 54 (5th Cir. 1995), citing McNeil v. U. S., 113 S.Ct. 1980 (1993).  The requirement is jurisdictional and may not be waived.  Price, supra.  Plaintiff's FTCA claims based on the alleged actions of the Court should, therefore, be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust administrative remedies before he filed this civil action.

Thus, the only relevant claims are those against the United States arising from any liability it has under the FTCA for the acts of its prosecutors.  Plaintiff alleges that he and AUSA Cassidy entered into a "contractual agreement" in 1988 that stipulated facts regarding the relevant amount of phenylacetic acid (used in manufacturing methamphetamine) relevant to the sentence that would be imposed in connection with the criminal charges against Plaintiff.  Plaintiff alleges that Cassidy breached the agreement and that the prosecutors later retaliated against Plaintiff because he complained in court that Cassidy was prosecuting him "because he was a white-male arrested in a large black populated area."  Plaintiff alleges that the prosecutors carried out their retaliation by knowingly concealing discovery material,

misrepresenting facts and otherwise violating Plaintiff's constitutional rights.  Plaintiff, in particular, alleges a <u>Brady</u> violation arising from the prosecutor's refusal to provide him a copy of certain documents and transcripts, with emphasis on a Rule 35(b) motion that was filed on behalf of Deborah Richardson Bounds.

The FTCA waives government immunity for any negligent or wrongful act or omission of a federal employee while acting within the scope of his office "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).  The "law of the place" provision incorporates *state* law.  The FTCA does not, however, provide a basis to bring suit for violation of federal constitutional rights.  "[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."  <u>FDIC v. Meyer</u>, 114 S.Ct. 996, 1001 (1994).  Plaintiff's complaint and supplemental complaint are filled with allegations of violations of the United States Constitution and other *federal* laws, none of which provide a basis for FTCA liability.

Plaintiff's attempt to plead a claim under the FTCA against the federal prosecutors is also thwarted by an exception to the waiver of immunity found in 28 U.S.C. § 2680(h). The exception includes "[a]ny claim arising out of assault, battery, *false imprisonment, false arrest, malicious prosecution, abuse of process*, libel, slander, misrepresentation, deceit, or interference with contract rights." (emphasis added). If Plaintiff's pleadings were fairly recast as attempting to assert state law claims, his claims would arise under the tort theories

emphasized above and, so, would be subject to the exception and not cognizable under the FTCA.

Section 2680(h) goes on to provide an exception to the exception, but it does not help Plaintiff. The statute provides that a claim may be asserted against a federal "investigative or law enforcement officer" for torts including false imprisonment, false arrest, abuse of process or malicious prosecution.  United States Attorneys are not, however, considered "law enforcement officers" within the meaning of the section.  Vander Zee v. Reno, 1996 WL 625346, 100 F.3d 952, n. 2 (5th Cir. 1996) (unpublished).  The Vander Zee decision affirmed the dismissal of malicious prosecution and similar claims brought against federal prosecutors because the claims were "expressly foreclosed by the FTCA."  Plaintiff's FTCA claims face a number of legal obstacles, but those discussed above are sufficient to warrant their dismissal.

**Bivens and other Federal Claims**

Plaintiff's many other federal theories of relief are essentially attacks upon the legality of Plaintiff's convictions and sentence. Plaintiff has attempted, without success, to make such attacks pursuant to 28 U.S.C. § 2255 and other traditional routes of seeking collateral review. See, e.g., Bounds v. Young, 2006 WL 3019554 (5th Cir. 2006)(rejecting attempt to bring Booker claims under Section 2241) and the more than 800 docket entries in U.S. v. Bounds, 5:88-cr-50038 (W.D. La.). No matter how many different ways Plaintiff describes his claims, they boil down to attacks on his convictions and sentence or are otherwise backdoor attempts to obtain discovery of information that Plaintiff asserts will support those attacks.

In Heck v. Humphrey, 114 S.Ct. 2364 (1994), the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 114 S.Ct. at 2372.

Heck was a Section 1983 case, but its rule applies with equal force to Bivens claims. See Cardona v. U.S., 191 Fed. Appx. 327 (5th Cir. 2006)(dismissing Bivens claims against federal prosecutors pursuant to Heck); Erwin v. Smith, 103 Fed. Appx. 854 (5th Cir. 2004)(dismissing, based on Heck, a Bivens claim that state and federal employees conspired to obtain a federal conviction); and Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994)(inmate's Bivens claims resulting from investigation, conviction, and sentencing for federal drug crimes were challenges to fact or length confinement so were subject to Heck).

Heck is most often applied to claims for damages, but the principles of Heck also preclude claims for injunctive or declaratory relied that attack a conviction or sentence. Summers v. Eidson, 2006 WL 3071226 (5th Cir. 2006)(Heck "applies to injunctive as well as monetary relief"); Shaw v. Harris, 116 Fed. Appx. 499, 500 (5th Cir. 2004) (same); and Kutzner v. Montgomery County, 303 F.3d 339 (5th Cir. 2002)(Heck applied to attempt to compel state to produce evidence for DNA testing; claim was so intertwined with merits of the conviction as to require habeas treatment).

The plaintiff in <u>Shaw</u> asserted claims similar to those in this case. She alleged that the defendants conspired to violate her constitutional right to due process by concealing or tampering with evidence, prosecuting her based on false evidence and perjury, and submitting false evidence at a hearing. The Fifth Circuit affirmed the district court's dismissal of the claims pursuant to <u>Heck</u>. The Court explained:

> Shaw does not show that her conviction has already been reversed on appeal or otherwise invalidated through proper channels of postconviction relief. A decision granting Shaw <u>injunctive or declaratory relief</u> on her allegations of evidence tampering and concealment, perjury, ineffectiveness of counsel, prosecutorial misconduct, or the filing of false affidavits in her state habeas corpus proceeding, including any defamation claims based on those affidavits, would necessarily imply that her conviction was invalid. Thus, all of those claims are barred by <u>Heck</u>. (emphasis added).

The plaintiff in <u>Summers</u> also asserted claims similar to those presented in this case. He sought a declaratory judgment that the defendants must disclose <u>Brady</u> evidence that they refused to release. He requested, in the alternative, an injunction preventing the defendants from depriving him of his life without due process. The Fifth Circuit held that the claims were subject to dismissal under <u>Heck</u>. <u>See also</u> <u>Edwards v. Balisok</u>, 117 S.Ct. 1584 (1997) (finding that prisoner's claims for damages and declaratory relief related to loss of good time credits were not cognizable because of <u>Heck</u>).

Plaintiff prays that the court enjoin the prosecutors from continuing to retaliate against him by hiding evidence and the like. That relief is also subject to <u>Heck</u>. <u>Clarke v. Stalder</u>, 154 F.3d 186, 190-191 (5th Cir.1998) (en banc) (claim for injunctive relief against future

retaliation implied the invalidity of a prisoner's conviction for violating corrections rule, so was dismissed pursuant to Heck).

Plaintiff's claims, no matter how they are styled, all arise from his alleged wrongful conviction, sentencing and imprisonment, and they necessarily imply that his conviction or sentence are invalid. Accordingly, Plaintiff is required to show that his conviction or sentence has been set aside or overturned in order for his civil claims to accrue. Plaintiff has not made that showing. His attempt to seek Section 2255 relief in the guise of a Bivens or other tort-style action should not be permitted to proceed.  The Bivens and other claims should be dismissed with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir.1996).

Accordingly;

**IT IS RECOMMENDED** that all claims under the FTCA claim be **dismissed** for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that, with respect to all other claims, the claims be dismissed with prejudice to their being asserted again until the Heck conditions are met.

**IT IS FURTHER RECOMMENDED** that the Motion to Vacate Memorandum Order (Doc. 10) be denied and that this civil action remain closed because all claims have been resolved.

**IT IS FURTHER RECOMMENDED** that, for purposes of the "three strikes" provision of 28 U.S.C. § 1915(g), the dismissal of this action be deemed to have been because the action was frivolous or malicious or failed to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>See</u> <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 22nd day of February, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE