UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JOE ALLAN BOUNDS** | **CIVIL ACTION NO. 06-0233** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **UNITED STATES DISTRICT COURT, ET AL.** | **MAG. JUDGE MARK L. HORNSBY** |

MEMORANDUM RULING

Pending before the Court are Plaintiff Joe Allan Bounds' ("Bounds") Federal Tort Claims Act, 28 U.S.C. § 2674, et seq. ("FTCA"), and Bivens[1] claims against the Administrative Office of the United States District Court, the United States, the United States Department of Justice, the Federal Public Defender's Office, the United States Attorney's Office, the United States Attorney for the Western District of Louisiana, and several Assistant United States Attorneys ("AUSAs") [Doc. Nos. 1, 5, 13, & 18]. Bounds alleges that Defendants wrongfully withheld exculpatory material, a Rule 35(b) motion (and related documents) filed on behalf of a co-defendant, and have conspired to conceal this wrongdoing with the intent to violate his constitutional rights.[2]

---

[1] Under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 395-97 (1971), a victim who has suffered a constitutional violation by a federal actor can recover damages in federal court.

[2] Bounds also asserts claims for obstruction of justice, influencing a juror or jurist, discrimination, mail fraud, retaliation, breach of contract, and concealment of documents. Regardless of the legal theory, all of Bounds' claims are based on the government's failure to disclose the Rule 35(b) motion.

On February 22, 2007, Magistrate Judge Mark L. Hornsby filed a Report and Recommendation [Doc. No. 19] in which he recommends dismissing Bounds' FTCA claims for lack of subject matter jurisdiction, dismissing Bounds' Bivens claims until the Heck conditions are met, denying Bounds' Motion to Vacate Memorandum Order [Doc. No. 10], and deeming the dismissal of Bounds' claims as frivolous, malicious, or failing to state a claim for purposes of proceeding in forma pauperis under the "three strikes" provision of 28 U.S.C. § 1915(g).  On April 9, 2007, Bounds filed an objection [Doc. No. 23] to the Report and Recommendation assigning 11 points of error.

For the following reasons, the Court ADOPTS the Report and Recommendation of the Magistrate Judge.

**I.    LAW AND ANALYSIS**

When a party files objections to a magistrate judge's report and recommendation, the district court conducts a de novo review of those portions of the report.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  In the present case, Bounds timely filed an objection [Doc. No. 23] to the Magistrate Judge's Report and Recommendation, thus warranting de novo review by the Court.

**A.    FTCA CLAIMS**

**1.    Bounds' Claims Against the Court**

Magistrate Judge Hornsby recommends dismissing Bounds' claims against the Court because Bounds failed to exhaust his administrative remedies before he filed this civil action.[3]

---

[3]On January 30, 2006, Bounds mailed a "Federal Tort Claims Complaint" to the Court. On February 3, 2006, Bounds' "Federal Tort Claims Complaint" was filed as a judicial complaint [Doc. No. 1].  On June 19, 2006, Bounds informed the court that he intended to file an

Under 28 U.S.C. § 2675(a), a plaintiff may bring a civil action under the FTCA only after the appropriate agency has denied the claim or failed to dispose of the claim within six (6) months of filing. A civil action filed before the expiration of the 6-month period "cannot become timely by the passage of time after the complaint is filed." Price v. U.S., 69 F.3d 46, 54 (5th Cir. 1995).

Bounds responds that he filed an administrative claim before commencing this civil action, but his claim was mistakenly filed as a judicial complaint. Bounds argues that, under the FTCA transfer regulation, 28 C.F.R. § 14.2(b)(1), the Court should find that his administrative claim was filed as of January 30, 2006. See Bukala v. U.S., 854 F.2d 201, 203 (7th Cir. 1998) (The transfer regulation has been construed "to allow constructive filing (i.e. a relation back) of claims presented within the limitations period of § 2401(b) but delivered to the wrong agency and neither transferred to the proper agency nor returned to the claimant.").

Bounds' reliance on the transfer regulation is misplaced. The transfer regulation allows constructive filing of claims filed outside the 2-year statute of limitations under 28 U.S.C. § 2401(b),[4] but does not provide for constructive filing of an unexhausted claim under 28 U.S.C. § 2675(a). Magistrate Judge Hornsby correctly concluded that Bounds filed a civil suit <u>before</u> exhausting his administrative remedies, and, therefore, must commence a new civil action to pursue his claims against the Court.

Accordingly, Bounds' FTCA claims against the Court are DISMISSED WITHOUT

---

administrative claim, not a judicial complaint. Accordingly, on June 28, 2006, Magistrate Judge Hornsby closed this case and forwarded Bounds' administrative claim to the appropriate agency [Doc. No. 9].

[4]28 U.S.C. § 2401(b) provides in pertinent part that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."

PREJUDICE for lack of subject matter jurisdiction.

## 2. Bounds' Claims Against Remaining Defendants

Magistrate Judge Hornsby recommends dismissing Bounds' claims against the remaining Defendants because his claims arise under the tort theories exempted from the FTCA waiver of immunity, including false imprisonment, false arrest, malicious prosecution, and abuse of process. Under the FTCA, the United States has generally waived its sovereign immunity from tort liability for the negligent or wrongful acts or omissions of its agents who act within the scope of their employment. See 28 U.S.C. § 1346(b). However, the FTCA contains specific exceptions retaining sovereign immunity for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." Truman v. U.S., 26 F.3d 592, 594 (5th Cir. 1994) (quoting 28 U.S.C. § 2680(h)).

Bounds responds that his discrimination, retaliation, negligent supervision, and failure to exercise due care claims are based on conduct distinct from the torts specified in section 2680(h).[5] Id. at 595 ("[I]f a plaintiff bases a claim on conduct that does not constitute a claim 'arising out of' a tort specified in section 2680(h), then the plaintiff's suit is not barred.").

"To determine whether a claim is one 'arising out of' any of these enumerated torts, the court must focus on the conduct upon which the plaintiff's claim is based." Id. at 594. "Even if a

---

[5] Bounds claims that the United States and its agents retaliated against him for filing a motion to dismiss the indictment based on racial discrimination. Bounds alleges that the United States Department of Justice appointed an African-American prosecutor because Bounds, who is Caucasian, was arrested in a largely African-American populated area. Further, Bounds alleges that the United States and the Department of Justice have continued to breach their duty of care by failing to disclose the Rule 35(b) motion and failing to supervise and discipline the AUSAs involved.

plaintiff styles a claim so that it is not one that is enumerated in section 2680(h), the plaintiff's claim is still barred 'when the underlying governmental conduct 'essential' to the plaintiff's claim can fairly be read to 'arise out of' conduct that would establish an excepted cause of action.'" Id. (quoting McNeily v. United States, 6 F.3d 343, 347 (5th Cir. 1993)); see also McNeily, 6 F.3d at 347 ("A plaintiff cannot circumvent the purpose of section 2680(h) by framing his complaint in terms of [the Government's] negligent failure to prevent the excepted harm."); Garcia v. United States, 776 F.2d 116, 118 (5th Cir. 1985) (same).

    Magistrate Judge Hornsby correctly concluded that Bounds' discrimination, retaliation, negligent supervision, and failure to exercise due care claims arise out of the torts specified in section 2680(h).  Bounds' claims are based on his allegations that Defendants unfairly prosecuted him, misrepresented the nature of their agreement with a co-defendant, deceitfully breached a plea agreement with him, concealed exculpatory material, failed to supervise and discipline the AUSAs, and conspired to cover-up any constitutional violations.  These allegations of misconduct are essential to and clearly encompassed by claims for malicious prosecution, abuse of process, misrepresentation, and deceit.  See Tinkoff v. United States, 211 F.2d 890, 892 (7th Cir. 1954) (Plaintiff claimed that his conviction was obtained as a result of a conspiracy among government officials, including the prosecution, to use perjured testimony, and the conspiracy was ongoing as the conspirators refused to make available evidence that would have established his innocence.  The court reasoned that his claims were barred by section 2680(h) because, "[w]hile plaintiff does not label his action as one for false imprisonment or malicious prosecution, we think it is clearly encompassed within such terms.").

    Accordingly, Bounds' remaining FTCA claims "arise out of" torts specified in section

5

2680(h) and are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Additionally, although not raised by Bounds or Magistrate Judge Hornsby, 28 U.S.C. § 2680(a) exempts the Government from liability for exercising prosecutorial discretion.[6]  The decision to prosecute Bounds, appointment of the prosecutor, whether to move for a sentencing reduction for a co-defendant, and whether to disclose exculpatory material are inextricably tied to a prosecutor's exercise of discretion.  See, e.g., Moore v. Valder, 65 F.3d 189, 197 (D.C. Cir. 1995), rev'd on other grounds, Hartman v. Moore, 547 U.S. 250 (2006) ("Deciding whether to prosecute, assessing a witness's credibility to ensure that he is giving an accurate and complete account of what he knows, identifying the evidence to submit to the grand jury and determining whether information is 'exculpatory' and 'material' and therefore must be disclosed pursuant to a Brady request are actions that require the prosecutor to exercise his professional judgment.  They are therefore quintessentially discretionary.").  Accordingly, Bounds' remaining FTCA claims are barred by the discretionary function exception in section 2680(a) as well.

      **B.**    **Bivens Claims**

Magistrate Judge Hornsby recommends dismissing Bounds' Bivens claims because a favorable judgment, resulting in the disclosure of the Rule 35(b) motion, would support Bounds' claim that the Government unlawfully concealed exculpatory material, and, therefore, necessarily implies the invalidity of his conviction and sentence.  See Heck v. Humphrey, 512 U.S. 477, 487 (1994) (If a judgment in favor of the plaintiff in an action under 42 U.S.C. § 1983 or Bivens

---

[6]The "discretionary function" exception protects the federal government from liability for "any claim based upon ... the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).

"would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed . . . ."); see also Kutzner v. Montgomery County, 303 F.3d 339, 341 (5th Cir. 2002) ("[C]laims which are 'so intertwined' with attacks on confinement that their success would 'necessarily imply' revocation or modification of confinement, must be brought as habeas corpus petitions. . . .").

Bounds responds that a favorable judgment in this case does not imply the invalidity of his conviction because he must file a separate habeas petition to adjudicate whether this material was exculpatory and wrongfully withheld. See, e.g., Bradley v. Pryor, 305 F.3d 1287, 1292 (11th Cir. 2002) (Section 1983 action seeking to compel government to produce evidence for DNA testing was not the functional equivalent of a petition for habeas corpus. The only relief the inmate could obtain in the action was access to the evidence or an accounting for its absence, and, even if subsequent testing permitted the inmate to challenge his conviction, such a challenge could only be accomplished in a separate action.).

As correctly identified by Magistrate Judge Hornsby, an action to disclose evidence that may permit an inmate to challenge his conviction, even if a separate habeas action is required to invalidate the conviction, necessarily implies that the conviction was invalid for purposes of Heck in the Fifth Circuit. See, e.g., Summers v. Eidson, No. 06-70047, 2006 U.S. App. LEXIS 26844, at *4-6 (5th Cir. Oct. 25, 2006) (unpublished) (The relief sought, disclosure of a certain individual's parole records, would necessarily imply the invalidity of his conviction or sentence because a habeas court would then have to determine whether the failure to disclose these records constituted a Brady violation and, therefore, whether or not to overturn his conviction.); see also Shaw v. Harris, 116 Fed. Appx. 499, 500 (5th Cir. Nov. 12, 2004) (unpublished) ("A decision

granting Shaw injunctive or declaratory relief on her allegations of evidence tampering and concealment, perjury, ineffectiveness of counsel, prosecutorial misconduct, or the filing of false affidavits in her state habeas corpus proceeding, including any defamation claims based on those affidavits, would necessarily imply that her conviction was invalid."). A decision granting the disclosure of the Rule 35(b) motion would permit Bounds to adjudicate whether a Brady violation occurred and whether his conviction was unlawfully obtained. Therefore, the Court will not compel disclosure of the Rule 35(b) motion and related documents.

Accordingly, Bounds' Bivens claims are DISMISSED WITH PREJUDICE to their being asserted again until the Heck conditions are met.

### C. Motion to Vacate Memorandum Order

Bounds filed a Motion to Vacate Memorandum Order [Doc. No. 10] claiming that Magistrate Judge Hornsby lacked authority to close this case in response to Bounds' letter stating that he intended to file an administrative claim, not a judicial complaint. Because this Ruling resolves all of Bounds' claims, Bounds' Motion is DENIED AS MOOT.

## II. CONCLUSION

For the foregoing reasons and those stated in the Report and Recommendation of the Magistrate Judge [Doc. No. 19], which the Court ADOPTS, Bounds' claims under the Federal Tort Claims Act are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction, Bounds' Bivens claims are DISMISSED WITH PREJUDICE to their being asserted again until the Heck conditions are met, and the Motion to Vacate Memorandum Order [Doc. No. 10] is DENIED AS MOOT. Additionally, this action is deemed frivolous, and the dismissal shall count as a strike for purposes of proceeding in forma pauperis under the "three strikes"

provision of 28 U.S.C. § 1915(g).

    MONROE, LOUISIANA, this 18th day of April, 2007.

*[signature: Robert G. James]*

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE